# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8597 | **DATE** | 12/9/2011 |
| **CASE TITLE** | Braddock vs. Jolie, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's oral motion to withdraw his *ex parte* verified motion for a temporary restraining order and/or preliminary injunction is granted. The *ex parte* TRO motion [5] is withdrawn. In addition, if Plaintiff wishes to proceed with his lawsuit in this jurisdiction, the Court directs Plaintiff (and invites any Defendant who is served with the complaint) to submit a brief by 12/13/2011 addressing the issues relating to personal jurisdiction, venue, and forum set forth below.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

This matter came before the Court on Plaintiff's *ex parte* verified motion for a temporary restraining order and/or preliminary injunction [5]. The motion was filed on 12/6/2011 and noticed for presentment on 12/9/2011 at 10:00 a.m. As both the case law and the text of Rule 65 indicate, *ex parte* TROs are disfavored. See, *e.g.*, *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("circumstances justifying the issuance of an ex parte order are extremely limited"). As the Court pointed out on the record in open court, Plaintiff has neither shown that immediate and irreparable harm would result before the adverse parties could be heard in opposition nor certified in writing efforts to give notice to the adverse parties. See Fed. R. Civ. P. 65(b); see also *American Can Co. v. Mansukhani*, 742 F.2d 314, 321-22 (7th Cir. 1984) (abuse of discretion to grant TRO if Plaintiff has not made reasonable efforts to give notice to adversary). In view of the circumstances and the case law, Plaintiff prudently requested leave to withdraw the *ex parte* TRO motion – a request that the Court readily granted. If Plaintiff renews his request for a TRO at a future date, he must comply with Rule 65(b) and make reasonable efforts to notify the adverse parties of the date and time of the hearing.

As the Court further noted on the record, the allegations of the complaint raise questions concerning the timing of this lawsuit. In particular, Plaintiff alleges that he had knowledge of the alleged infringing activities as early as 2010 (see, *e.g.*, Complaint ¶ 30), yet Plaintiff delayed at least a year in bringing this lawsuit. Over that time, Defendants undertook considerable efforts to complete the filming of the allegedly infringing motion picture, which is now scheduled to be released in the United States on December 23, 2011. See Declaration of Robert Berney (filed along with objection papers by Defendant FilmDistrict). The timing of the lawsuit in relation to the other allegations and contentions of the parties plainly would be considerations on the equities, as well as the balance of the harms and the public interest. Moreover, Mr. Berney's declaration also appears to be germane to the issue of the amount of security that Plaintiff would be required to post in the event that a TRO or other preliminary injunctive relief were entered. The absence of any discussion of security or bond in Plaintiff's *ex parte* motion is a notable omission that should be rectified in the event that Plaintiff renews his motion. See, *e.g.*,

**STATEMENT**

*Reinders Bros., Inc. v. Rain Bird Eastern Sales Corp.*, 627 F.2d 44, 54 (7th Cir. 1980) ("absent extraordinary circumstances, the court errs in not granting [a demand for an injunction bond]"); *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000) ("When setting the amount of security, district courts should err on the high side," in part because bond acts to limit damages recoverable).

Finally, as discussed on the record in open court, if Plaintiff wishes to proceed with his lawsuit in this jurisdiction, the Court (on its own motion) directs Plaintiff (and invites any Defendant who is served with the complaint) to submit a brief by 12/13/2011 addressing the issues of whether (1) the Court has personal jurisdiction over all of the parties, (2) whether venue is proper in this district, and (3) if both (1) and (2) are answered in the affirmative, whether this case nevertheless should be transferred to a federal district court in California under 28 U.S.C. § 1404(a).  See *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) (noting that "a court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation, or consent of the parties to the litigation").  This directive is prompted by the Court's review of the allegations of the complaint, which indicate that most of the parties in this case reside in one of two general locations – southeastern Europe (Croatia and Bosnia and Herzegovina) and California – and that most, if not all, of the contacts between the parties presumably took place in those locations.  By contrast, on the basis of the complaint, the connection to the Northern District of Illinois appears to be minimal, at best.