IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES J. BRADDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-8597 |
| | ) | |
| ANGELINA JOLIE, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant FilmDistrict Distribution LLC's motion to transfer venue to the Central District of California [35], Defendant Angelina Jolie's motion to dismiss for lack of jurisdiction and/or improper venue or to transfer [38], and Defendant GK Films' motion to dismiss for lack of jurisdiction and/or improper venue or to transfer [41]. For the reasons stated below, Defendant Film District's motion to transfer [35] is granted. The Clerk is directed to transfer this case to the United States District Court for the Central District of California. The Court denies as moot Defendant Jolie's motion to dismiss [38] and Defendant GK Films' motion to dismiss [41].

**I.      Background**

This case concerns the motion picture entitled "In The Land of Blood and Honey." The movie was written and directed by Angelina Jolie, and produced by Ms. Jolie and GK Films. The movie was filmed almost entirely in Hungary and was distributed in theaters across the United States by FilmDistrict beginning in December 2011. On December 2, 2011, Plaintiff James Braddock filed a complaint against Defendants for copyright infringement. Plaintiff also moved for a temporary restraining order, but he orally moved to withdraw his motion after a

hearing on December 9, 2011. According to Plaintiff—who resides in Croatia—the movie infringes a book he wrote in 2007, entitled "The Soul Shattering." Plaintiff's book was published in Croatia in the native language of Croatia. Plaintiff alleges that Ms. Jolie gained access to and copied Plaintiff's book when she was conducting research for her movie in Bosnia-Herzegovina.

Ms. Jolie, GK Films, and FilmDistrict each reside (or have their principal places of business) in California. The remaining two Defendants, Scout Film and Edin Sarkic, are alleged to reside in Bosnia-Herzegovina. The relevant events giving rise to Plaintiff's claims occurred either overseas (*i.e.*, the alleged access and copying as well as the filming of the movie) or in California (*i.e.*, pre- and post-production of the movie, negotiations between Ms. Jolie and GK Films, and negotiations between GK Films and FilmDistrict). The film initially was released in the United States on December 23, 2011, in just three theaters—one in Los Angeles, California, and two in New York City. Thereafter, the film was subject to an expanded release in theaters across the United States, including in a theater located within the Northern District of Illinois. The marketing efforts for the movie in connection with the expanded release were targeted to reach a number of U.S. cities simultaneously.

At the time of the film's production, FilmDistrict maintained an office in the Northern District of Illinois. See Compl. at ¶ 4. Defendants represent, and Plaintiff does not contest, that the Illinois office of FilmDistrict did not play any major role in marketing or distributing the film and that office is now closed.[1] GK Films is not located in Illinois, does not have any business operations in Illinois, and has no real or personal property in Illinois. Ms. Jolie is not a resident of Illinois, has no real or personal property in Illinois, and does not regularly visit Illinois for

---

[1] A public announcement that the office in Illinois was closing was issued on or about November 4, 2011, approximately one month before this lawsuit was filed.

business or pleasure.  Additionally, the great majority, if not all, of the fact witnesses relevant for FilmDistrict's defense in this action who reside in the United States reside in California, and no such witnesses reside or are located in the Northern District of Illinois.  Similarly, the majority of relevant documents and sources of proof are located either in California or overseas.  Beyond the fact that Defendant FilmDistrict used to maintain an office in Illinois, Plaintiff's only contentions for why venue is proper in the Northern District of Illinois is that his book was translated into its latest English translation in this district and his "power of attorney" resides in Illinois.

## II.     Motion to Transfer

### A.     Legal Standards

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated.  28 U.S.C. § 1404(a); see *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  The moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  The district court has the authority to "make whatever factual findings are necessary * * * for determining where venue properly lies."  *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

In evaluating § 1404(a) motions, the Court considers:  (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the interests of justice, and (5) the location of the material events giving rise to the case.  See *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (listing the first four statutory factors); see also *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, *2-3 (N.D. Ill. Sept. 18, 2009) (elaborating on sub-factors).  The Seventh Circuit

teaches that the specified statutory factors "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 219 n.3; see also *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (explaining that the broad discretion accorded the trial court is a product of the "in the interest of justice" language).

The first factor, plaintiff's choice of forum, typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), unless none of the relevant conduct occurred in that forum, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Regarding the second factor, convenience of the parties, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Examination of the third factor, convenience of the witnesses, emphasizes "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007).

> The fourth factor, interests of justice, captures several considerations, including:
>
> the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred.

*Igoe*, 220 F.2d at 303; see also *Nat'l Presto Indus.*, 347 F.3d at 664 (discussing the "subpoena range" of the district court). Courts also consider their familiarity with the applicable law and "the desirability of resolving controversies in their locale." *Rabbit Tanaka Corp. USA v. Paradise Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). And, as previously discussed, the fifth factor, location of material events, becomes comparably more important when it differs

from the first factor, plaintiff's choice of forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (citing *Igoe*, 220 F.2d at 304).

**B. Analysis**

As a preliminary matter, Defendants FilmDistrict, GK Films, and Ms. Jolie all reside or have principal places of business in Los Angeles or Santa Monica, California. Plaintiff's complaint alleges that Defendants Scout Film and Edin Sarkic reside in Bosnia Herzegovina but conduct business with California corporations, including FilmDistrict and GK Films.[2] Plaintiff could have (and, as demonstrated below, should have) filed this action in the Central District of California as venue and jurisdiction would be proper in the Central District of California.

With respect to Plaintiff's choice of the Northern District of Illinois as the forum for this dispute, "the importance of the plaintiff's choice of forum is reduced when the plaintiff does not live in the forum, few relevant events occurred in the forum and other factors weight heavily in favor of transfer." *Presnell v. Cottrell, Inc.*, 2010 WL 1710832, at *3 (S.D. Ill. April 28, 2010); see also *Wright v. UDL Labs., Inc.*, 2011 WL 760067, at *3 (N.D. Ill. Feb. 24, 2011) ("[I]f a plaintiff is not a resident of the transferor forum and other factors weigh in favor of transfer, then the weight accorded to this factor is reduced"); *Chi., Rock Is., & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir. 1955) (Plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by the plaintiff"). The Northern District of Illinois has next to no nexus with this dispute. Plaintiff is a resident of Zagreb, Croatia, who claims that Ms. Jolie copied his book, which, to date, has only been published outside of the United States and in the native language of Croatia. Plaintiff claims to have registered his book with the copyright office in Croatia—he does not allege copyright registration in the United States—and that he

---

[2] Plaintiff does not allege that Scout Film and Edin Sarkic have any contacts with Illinois.

5

traveled to Sarajevo to promote his book where he allegedly met Defendant Edin Sarkic. Based on Plaintiff's own allegations, he does not presently live in Illinois, nor has he ever lived or worked in Illinois, and none of the events relevant to Plaintiff's claim against these Defendants are alleged to have occurred in Illinois.[3] On the other hand, the Central District of California is the situs of several material events, including where the firm was partly written, edited, produced and where most of the decisions related to marketing and distribution were made. Because the majority (if not all) of the material events occurred outside of Illinois, the Court gives less weight to Plaintiff's choice of forum.

The "convenience of the parties" factor also weighs in favor of transferring this case to the Central District of California. With regard to this second factor, courts consider the residences and resources of the parties—in essence, their "ability to bear the expense of trial in a particular forum." *Gulf Coast Bank & Trust Co.*, 2011 WL 5374098 at *3. In this case, Defendants Ms. Jolie, GK Films, and FilmDistrict all reside in California, and it would be more convenient for them to litigate this dispute in the Central District of California. On the other hand, Plaintiff is a resident of Zagreb, Croatia, who obviously will have to travel internationally to pursue this case regardless of whether it proceeds in Illinois or California.

Similarly, the "convenience of the witnesses" factor favors transfer to the Central District of California. Based on Plaintiff's allegations, it would appear that Ms. Jolie will be the principal witness in this case. Ms. Jolie, who resides in Los Angeles, California, not only wrote the screenplay, but also directed and was a producer of the film. Defendant GK Films, the entity responsible for production of the film, is located in Santa Monica, California, as are its representatives. Furthermore, FilmDistrict, the distribution company that marketed the film and

---

[3] For instance, Plaintiff does not allege that the film was written, shot, produced, or edited in Illinois. Moreover, Plaintiff's central allegation is that Defendants had access to and copied his book in Southeastern Europe, not in Illinois.

arranged for it to be shown to the public in movie theaters in the United States, is located in Santa Monica, California. Other potential witnesses include, but are not limited to, individuals and sources that Ms. Jolie consulted when she wrote the screenplay for the film to ensure its political and factual accuracies (located in California and elsewhere, but not in Illinois); individuals who may be able to verify the originality of Ms. Jolie's screenplay and the sources of inspiration that Ms. Jolie sought for the film (located in California and elsewhere, but not in Illinois); the actors and actresses whom Ms. Jolie consulted when she directed the film (located in the Bosnia-Herzegovina region); and Mr. Edin Sarkic, who Plaintiff alleges had access to Plaintiff's book and is located Sarajevo, Bosnia-Herzegovina. As demonstrated above, the majority of party witnesses and nonparty witnesses reside in California, and none of them reside in Illinois. Additionally, for those witnesses who are located outside of the United States, Illinois is no more convenient than California. Accordingly, the factor of convenience of witnesses favors transfer.

The "interest of justice" factor captures several considerations, most importantly the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; and the state of the court calendars in the district where the case is pending and to which it is sought to be transferred. *Igoe,* 220 F.2d at 303; see also *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003) (discussing the "subpoena range" of the district court). Courts also consider their familiarity with the applicable law and "the desirability of resolving controversies in their locale." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.,* 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). The list of witnesses identified above demonstrates that a majority of witnesses would be

located in the Central District of California or abroad.[4] Additionally, because Plaintiff's claim hinges on allegations that Ms. Jolie infringed Plaintiff's copyright by writing and directing the film (in California and abroad), that GK Films infringed Plaintiff's copyright by producing the film (in California), and that FilmDistrict infringed Plaintiff's copyright by marketing and distributing the film (primarily from California), the majority of relevant documents and sources of proof are located in California. The only relevant document that may not be currently located in California is a copy of Plaintiff's book, which may be easily obtained through discovery from Plaintiff. Furthermore, because the film was written, directed, and produced in California and abroad, Illinois does not have any overriding concerns to have its law applied to this dispute. And finally, even though the Court adjudicates copyright infringement claims on a regular basis, courts in the Central District of California are at least as familiar with issues relating to copyright infringement and motion pictures. Based this factor, as well as all of the factors discussed above, California clearly is the more convenient forum for this lawsuit.

**III.    Conclusion**

For these reasons, the Court grants Defendant FilmDistrict's motion to transfer venue to the Central District of California [35]. The Clerk is directed to transfer this case to the United States District Court for the Central District of California. The Court denies as moot Defendant Jolie's motion to dismiss [38] and Defendant GK Films' motion to dismiss [41].

Dated:  June 15, 2012

Robert M. Dow, Jr.
United States District Judge

---

[4] Plaintiff makes vague references to his "power of attorney" and others close to him who reside in Illinois and have "copious tangible evidence" relating to his book, but he fails to provide specific names for these contacts and also fails to establish any nexuses between those people and this lawsuit.