Harrison J. Dossick (SBN 128319)
Email: hdossick@reedsmith.com
Reed Smith LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Christine M. Neuharth (SBN 263509)
Email: cneuharth@reedsmith.com
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Angelina Jolie, GK Films, LLC
(improperly named as "GK FILMS") and
FilmDistrict Distribution, LLC
(improperly named as
"FILMDISTRICT")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. BRADDOCK,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANGELINA JOLIE, an individual; GK FILMS, a California corporation; FILMDISTRICT, an Illinois corporation; SCOUT FILM, a foreign corporation; and EDIN SARKIC, an individual,<br><br>    Defendants. | Case No. 2:12-CV-05883-DMG (VBK)<br><br>**ANSWER OF DEFENDANTS ANGELINA JOLIE, GK FILMS, LLC, AND FILMDISTRICT DISTRIBUTION, LLC TO PLAINTIFF JAMES J. BRADDOCK'S COMPLAINT**<br><br>Honorable Dolly M. Gee<br><br>Compl. Filed:   December 2, 2011 |

/ / /

/ / /

– 1 –

Defendants Angelina Jolie ("Jolie"), GK Films, LLC (improperly named as "GK FILMS") ("GK Films"), and FilmDistrict Distribution, LLC (improperly named as "FILMDISTRICT") ("FilmDistrict") (collectively, "Defendants") hereby respond to Plaintiff James J. Braddock's ("Plaintiff") Verified Complaint for Copyright Infringement and Injunctive Relief ("Complaint"), as follows:

## NATURE OF THE ACTION

1.  Defendants admit that Plaintiff has alleged violations of copyright laws, but deny that they engaged in any such violation. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.  Defendants admit this Court has subject matter jurisdiction over this action by virtue of Plaintiff's allegations of violations of federal statutes. Defendants deny Plaintiff's allegations concerning such violations.

3.  Defendants admit they are subject to personal jurisdiction of this Court. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

4.  Defendants admit venue is proper in this judicial district and that FilmDistrict maintains its principal place of business in California. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, deny the same.

6.  Defendants admit that Jolie is an individual residing in California and a citizen of the United States of America. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit GK Films is a California limited liability company with its principal place of business in California. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 7 of the Complaint.

8. Defendants admit that FilmDistrict has a principal place of business in California and is authorized to do and does business in this judicial district. Defendants deny that FilmDistrict is a California corporation. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 8 of the Complaint.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, deny the same.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny the same.

## GENERAL FACTUAL ALLEGATIONS

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, deny the same.

13. The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny the same.

14. The allegations in Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required,

Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny the same.

15. The allegations in Paragraph 15 of the Complaint contain statements of verifiable fact to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny the same.

16. The allegations in Paragraph 16 of the Complaint contain statements of verifiable fact to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, deny the same.

17. The allegations in Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, deny the same.

19. Defendants admit that the motion picture entitled "In the Land of Blood and Honey" ("Motion Picture") was initially released by FilmDistrict in theaters located in the United States on December 23, 2011. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 19 of the Complaint.

20. Defendants admit that Jolie wrote the screenplay on which the Motion Picture is based and directed the Motion Picture. Defendants further admit that GK Films produced the Motion Picture and that FilmDistrict distributed the Motion Picture in the United States. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110456934.1-HJDOSSIC 9/4/12 6:29 PM

21. Defendants admit that the Motion Picture has been widely publicized. Except as so expressly admitted, Defendants deny all remaining allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they violated the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention") or any other law at issue in this case, including United States copyright laws. Defendants further deny that the protectible elements of the Motion Picture and the book entitled "The Soul Shattering" ("Subject Work") are legally or substantially similar under controlling Ninth Circuit law. Defendants admit that they did not receive licensing or permission from Plaintiff, but deny they were legally required to obtain licensing or permission from Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and, therefore, deny the same.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, deny the same.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny the same.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny the same.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny the same.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny the same.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny the same.

31. The allegations in Paragraph 31 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint, in particular that the protectible elements of the Motion Picture and the Subject Work are legally or substantially similar under controlling Ninth Circuit law.

   a. Defendants admit that the Motion Picture, in part, depicts a love story set in Bosnia and Herzegovina during the Bosnian War in the early 1990s.  Defendants deny that the protectible elements of the Motion Picture and the Subject Work are legally or substantially similar under controlling Ninth Circuit law.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31(a) of the Complaint and, therefore, deny the same.

   b. Defendants admit that in the Motion Picture the main female character is a Bosnian Muslim who is captured by the Serbian military and then at times is held in structures located in undisclosed areas.  Defendants deny that the protectible elements of the Motion Picture and the Subject Work are legally or substantially similar under controlling Ninth Circuit law.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31(b) of the Complaint and, therefore, deny the same.

c. Defendants admit that in the Motion Picture the main female character at times was a servant in a structure occupied by members of the Serbian military, but deny that she was "subject to continuous rape by soldiers and officers in the camp" as alleged by Plaintiff. Defendants deny that the protectible elements of the Motion Picture and the Subject Work are legally or substantially similar under controlling Ninth Circuit authority. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31(c) of the Complaint and, therefore, deny the same.

d. Defendants admit that in the Motion Picture the main male character is an officer in the Serbian military whose father is a more senior officer in the Serbian military. Defendants deny that the protectible elements of the Motion Picture and the Subject Work are legally or substantially similar under controlling Ninth Circuit authority. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31(d) of the Complaint and, therefore, deny the same.

e. Defendants admit that in the Motion Picture the main male character struggles with the tension caused by his professional duties and his feelings and attraction for the main female character and that early in the film he provides her with a means of escape from her captors. Defendants deny that the protectible elements of the Motion Picture and the Subject Work are legally or

substantially similar under controlling Ninth Circuit authority. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31(e) of the Complaint and, therefore, deny the same.

## COUNT I:
## COPYRIGHT INFRINGEMENT IN VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. § 101 et seq. AND THE BERNE CONVENTION FOR THE PROTECTION OF LITERARY AND ARTISTIC WORKS
### (Against All Defendants)

32. Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

33. The allegations in Paragraph 33 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, deny the same.

34. The allegations in Paragraph 34 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants respond that the provisions of the Berne Convention speak for themselves as to their contents.

35. The allegations in Paragraph 35 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants respond that the provisions of the Berne Convention speak for themselves as to their contents.

36. The allegations in Paragraph 36 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required,

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny the same.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 39 of the Complaint, and in particular Defendants deny that they violated any copyright laws.

40. Defendants deny the allegations in Paragraph 40 of the Complaint, in particular that Plaintiff suffered any injury, loss, or damage, because Defendants deny that they engaged in any wrongful conduct against Plaintiff.

41. Defendants deny the allegations in Paragraph 41 of the Complaint, in particular that they engaged in any copyright infringement or that Plaintiff is entitled to any relief or damages.

42. Defendants deny the allegations in Paragraph 42 of the Complaint, in particular that they engaged in any copyright infringement or that Plaintiff is entitled to any relief or damages.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief requested by him or that he is entitled to any relief at all.

## COUNT II:
## PRELIMINARY AND PERMANENT INJUNCTION
### (Against All Defendants)

43. Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 of the Complaint, in particular that the protectible elements of the Motion Picture and the Subject Work are

legally or substantially similar under controlling Ninth Circuit authority and that Defendants have infringed the Subject Work.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint, in particular that they engaged in any wrongful acts, that Plaintiff suffered or stands to suffer any injury, and that Plaintiff has no adequate remedy at law.

47. Defendants deny the allegations in Paragraph 47 of the Complaint, in particular that they engaged in any wrongful acts or have been unjustly enriched, or that Plaintiff suffered or stands to suffer any damages.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief requested by him or that he is entitled to any relief at all.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

48. Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### Second Affirmative Defense
### (Lack of Standing)

49. The claims asserted in the Complaint are barred, in whole or part, because Plaintiff lacks standing and/or capacity to bring such claims.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110456934.1-HJDOSSIC 9/4/12 6:29 PM

## Third Affirmative Defense

### (Failure to Join Indispensable Parties)

50. Plaintiff has failed to join or confer this Court's jurisdiction over parties whose presence is necessary and proper to the resolution of Plaintiff's claims and/or Defendants' defenses.

## Fourth Affirmative Defense

### (Copyright Estoppel)

51. By his own actions and/or assertions, Plaintiff is legally and/or equitably estopped from asserting the claims, rights and demands alleged against the Defendants.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

52. Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing any recovery by him.

## Sixth Affirmative Defense

### (Fault of Others)

53. Any loss, injury, damage or detriment actually suffered or sustained by Plaintiff was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, fraudulent and/or intentional misconduct or actions of parties other than any of the Defendants.

US_ACTIVE-110456934.1-HJDOSSIC 9/4/12 6:29 PM

### Seventh Affirmative Defense
### (Independent Creation)

54. Defendants independently created the Motion Picture without any influence of Plaintiff's Subject Work.

### Eighth Affirmative Defense
### (Waiver of Injunctive Relief)

55. Plaintiff has waived any right to pursue injunctive relief by withdrawing and failing to re-file his previous request for a temporary restraining order and failing to seek an injunction before any subsequent distribution of the Motion Picture.

### Ninth Affirmative Defense
### (First Amendment)

56. The claims and/or remedies sought by Plaintiff are barred by the First Amendment of the United States Constitution.

### Tenth Affirmative Defense
### (Reservation of Rights)

57. Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Therefore, Defendants reserve all rights to assert additional affirmative defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint against Defendants;
2. That Defendants recover their costs of suit herein;

3. For Defendants' attorneys' fees according to proof, and

4. For such other and further relief as this Court may deem just and proper.

DATED: September 4, 2012                REED SMITH LLP


By     /s/ Christine M. Neuharth
    Harrison J. Dossick
    Christine M. Neuharth

    Attorneys for Defendants
    Angelina Jolie, GK Films, LLC, and
    FilmDistrict Distribution, LLC