REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Harrison J. Dossick (SBN 128319)
   Email: hdossick@reedsmith.com
2  Reed Smith LLP
   1901 Avenue of the Stars, Suite 700
3  Los Angeles, CA 90067-6078
   Telephone: +1 310 734 5200
4  Facsimile: +1 310 734 5299

5  Christine M. Neuharth (SBN 263509)
   Email: cneuharth@reedsmith.com
6  Reed Smith LLP
   355 South Grand Avenue, Suite 2900
7  Los Angeles, CA 90071-1514
   Telephone: +1 213 457 8000
8  Facsimile: +1 213 457 8080

9  Attorneys for Defendants
   Angelina Jolie, GK Films, LLC
10 (improperly named as "GK FILMS") and
   FilmDistrict Distribution, LLC
11 (improperly named as
   "FILMDISTRICT")

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 | JAMES J. BRADDOCK,              | Case No. 2:12-CV-05883-DMG (VBK)
17 |           Plaintiff,             | **PROPOSED JOINT DISCOVERY PLAN AND RULE 26(F) REPORT OF THE CONFERENCE OF COUNSEL**
18 |    vs.                           |
19 | ANGELINA JOLIE, an individual;   | **[FED. R. CIV. PRO. 26(F)]**
   | GK FILMS, a California corporation;
20 | FILMDISTRICT, an Illinois corporation; | Honorable Dolly M. Gee
   | SCOUT FILM, a foreign corporation; and
21 | EDIN SARKIC, an individual,      | Compl. Filed: December 2, 2011
                                       | Transf. to C.D. Cal.: July 9, 2012
22 |           Defendants.            |

23

24

25

26

27  / / /

28  / / /

Case No. 2:12-cv-05883-DMG (VBK)        – 1 –

Plaintiff James J. Braddock ("Plaintiff") and Defendants Angelina Jolie ("Jolie"), GK Films, LLC (improperly named as "GK FILMS") ("GK Films"), and FilmDistrict Distribution, LLC (improperly named as "FILMDISTRICT") ("FilmDistrict") (collectively, "Defendants")[1] hereby submit the following Joint Discovery Plan and Report of the Conference of Counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Minute Order setting a scheduling conference for November 9, 2012 (Dkt. 80).  The Parties conducted a scheduling conference pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure on October 17, 2012.

### A.   STATEMENT OF CLAIMS AND DEFENSES [F.R.C.P. 26(f)(2) and Dkt. 80]

#### 1.   *Plaintiff's Statement*

This action concerns claims of copyright infringement by Plaintiff against all named Defendants resulting from the writing, production and distribution of the motion picture entitled "In The Land of Blood and Honey" (the "Motion Picture") written and directed by Angelina Jolie.  The Complaint alleges that the motion picture infringes on the copyright in Plaintiff James J. Braddock's book originally published in Croatia in 2007 as "Slamanje Duse"(the "Book"), which is an account of the tragedies suffered by Bosnian and Herzegovinian women and children during the Bosnian War.  The Book was republished in December 2011 in the United States as "The Soul Shattering."  Mr. Braddock's copyright infringement claim arises under The Berne Convention for the Protection of Literary and Artistic Works, which protects his Croatian copyright from infringement in the United States, and from the substantial similarities between the Motion Picture and the Book.

The Defendants had access to Mr. Braddock's work both through their work with Defendants Scout Films and Edin Sarkic, as well as other nationals in the region.

---

[1] Plaintiff and Defendants will also collectively be referred to herein as the "Parties."

The Book was also widely disseminated throughout the Balkan region, especially in Croatia and Bosnia & Herzegovina. In addition, the motion picture is substantially similar to Mr. Braddock's in copying key plot elements, themes, characters, events, sequences and settings.

### 2. *Defendants' Statement*

This copyright infringement action initially was filed by Plaintiff James J. Braddock on December 2, 2011, in the Northern District of Illinois. Pursuant to Defendants' motions, the action was transferred to the Central District of California on July 9, 2012, and then was assigned to this Court. In his Complaint, Plaintiff asserts two claims (i) for alleged copyright infringement and (ii) for injunctive relief. Both claims are based on allegations that Defendants, by creating and releasing the Motion Picture, infringed the copyright Plaintiff allegedly holds in the Book which, at the time the Complaint was filed, had only been published in Croatia in the Croatian language. Plaintiff contends that the Book and the Motion Picture are substantially similar primarily because they both concern a love story set in the early 1990s in Bosnia and Herzegovina during the Bosnian War. Plaintiff also alleges that Defendants had access to the Book through two other named but as yet unserved defendants, Edin Sarkic and Scout Film.

Defendants deny Plaintiff's claims. Specifically, Defendants deny that the protectable elements of the Motion Picture and the Book are legally or substantially similar under controlling Ninth Circuit law or that any of them had knowledge of or any access to the Book at any relevant time. Defendants further submit that Plaintiff does not and cannot plead facts sufficient to establish the required elements of access or substantial similarity and accordingly that the Court can and should dismiss this action as a matter of law. If Plaintiff somehow is able to state a prima facie case of copyright infringement, Defendants will establish that the Motion Picture was independently created, and that any alleged similarities either are purely coincidental and/or otherwise are not actionable.

B.  **ISSUES RE PRESERVING DISCOVERABLE INFORMATION [F.R.C.P. 26(f)(2) and Dkt. 80(1)]**

The Parties have agreed to preserve all existing potentially relevant, reasonably accessible, non-privileged discoverable information and do not anticipate any issues with regard to such preservation. Counsel further have agreed to work in good faith to agree upon an appropriate stipulated definition of "reasonably accessible" for this case.

C.  **DISCOVERY PLAN**

1.  **Rule 26(a) Disclosures**

    a.  *Initial Disclosures* **[F.R.C.P. 26(f)(2) and 26(f)(3)(A)]**

The Parties have agreed to exchange their Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1) on or before November 30, 2012.

    b.  *Changes to Timing, Form, or Requirements for Initial Disclosures* **[F.R.C.P. 26(f)(3)(A)]**

The Parties have agreed to adjust the timing for making Initial Disclosures as stated above. No changes to the form or requirements for disclosures are required.

2.  **Subject Matter of Discovery [F.R.C.P. 26(f)(3)(B)]**

    a.  *Plaintiff's Statement*

Plaintiff presently anticipates that it will take discovery in regards to all issues raised in the Complaint and the Counterclaim, including without limit: (a) the writing, development, production, offer for sale, sale and promotion of the Defendants' film; (b) the Parties' internal communications relating to issues in the pleadings, including without limitation the forensic analysis of computer networks and email systems to identify any potentially relevant communications, financial data, meta data, deleted files, file fragments and the like upon request to the Court in the event Plaintiff reasonably suspects that the same is necessary to obtain needed discovery.

Plaintiff opposes Defendants' request for a three phase discovery plan to the extent that Defendants intend to file case dispositive motions at any early stage of the

litigation. The issues pled in Plaintiff's verified complaint, which requests a trial by jury, are issues of fact that should be decided by the jury. Plaintiff requires full discovery on the issues of access and substantial similarity, which are the crux of the copyright infringement analysis under Ninth Circuit law, including written discovery and depositions of parties and/or third parties, to oppose any potentially case dispositive motions filed by the Defendants. Not allowing Plaintiff to conduct such discovery would be prejudicial to Plaintiff's case.

Plaintiff may agree to bifurcated discovery on the issues of liability and damages, but does not agree to the three-phase bifurcation proposed by Defendants.

### b. *Defendants' Statement*

Defendants submit that this case presents two principal legal issues; namely, (i) whether any of Plaintiff's claims of access, as pleaded in his verified complaint, are sufficient to support a claim of copyright infringement; and/or (ii) whether the protectable elements of the Book and the Motion Picture are substantially similar under controlling Ninth Circuit law. Defendants believe that both issues can and should be determined conclusively by the Court as a matter of law solely on the basis of the facts pleaded in Plaintiff's verified complaint and such other matters of which the Court may properly take judicial notice. In addition, the Parties recognize that discovery in this case will extend to information and witnesses located in Eastern Europe and elsewhere outside the United States, and therefore will require substantial planning, will necessitate service of process pursuant to the Hague Convention, and will be very costly and time consuming. Accordingly, Defendants have proposed a three-phased discovery plan that would allow the Parties ample time to make arrangements to take discovery outside the United States, if needed, and further would afford Defendants the opportunity to seek dismissal of the entire action as a matter of law before the Parties commence depositions or pursue discovery on any issue other than access or substantial similarity.

If the case is not dismissed as a matter of law, Defendants contemplate their discovery will focus on the following facts and issues:  (1) other prior similar books, articles, documentaries, motion pictures and other works (both fiction and non-fiction) concerning or depicting events during the Bosnian War published prior to publication of the Book and the Motion Picture; (2) the nature of communications between Plaintiff and any of the defendants named in the lawsuit, if any, at any relevant point in time; (3) the historical facts and actual events upon which the Book is based; (4) whether the protectable elements of the Book, as originally published in the Croatian language, are substantially similar to those in the Motion Picture; (5) the research conducted by Plaintiff and the process he followed while writing the Book; (6) the facts supporting Plaintiff's allegation that any of the Defendants had access to the Book at any relevant point in time; and (7) the date Plaintiff first saw the Motion Picture.  Defendants also may seek discovery from third parties to help establish that the Motion Picture was independently created without knowledge of or reference to the Book.

**3.      Depositions [Dkt. 80(1)]**

      **a.      *Plaintiff's Statement***

Plaintiffs presently intend to conduct: (a) fact and corporate depositions of named Defendants and/or current and former employees of named Defendants; (b) depositions of third-parties; and (c) expert depositions.

      **b.      *Defendants' Statement***

If the case is not dismissed, Defendants anticipate that they would depose the following parties and witnesses during Phase Two of Defendants' Proposed Discovery Plan:

(1)  Plaintiff James J. Braddock;

(2)  Srecko Felix Korpar;

(3)  Krunoslav Grubesic;

(4)  Edin Sarkic; and

(5) Other percipient witnesses revealed during discovery.

### 4. Written Discovery [Dkt. 80(1)]

#### a. *Plaintiff's Statement*

Plaintiffs presently intend to conduct: (a) requests for production of documents to all Defendants; (b) a forensic analysis of Defendants' computer accounting and email systems, if necessary; (c) interrogatories to all Defendants; (d) requests for admissions to all defendants; (e) subpoenas for documents; and (f) expert discovery.

#### b. *Defendants' Statement*

Defendants intend to serve the following written discovery on or before December 21, 2012, on the issues of access and substantial similarity:

(1) Special Interrogatories (Plaintiff);

(2) Requests for Production of Documents (Plaintiff);

(3) Requests for Admissions (Plaintiff); and

(4) Subpoenas for documents (Korpar, Grubesic and Sarkic).

Defendants reserve the right to serve written discovery on third parties concerning other issues and/or subjects, if necessary, thereafter.

Finally, Defendants object to Plaintiff's statement, above, concerning his desire for "a forensic analysis of Defendants' computer accounting and email systems." Plaintiff has no basis upon which to suggest that good cause would exist to support such extraordinary, intrusive discovery measures.

### 5. Expert Witnesses

#### a. *Plaintiff's Statement*

Plaintiff intends to designate expert witnesses to the extent needed to offer a report and opinion testimony on the claims at issue in this case, including (1) that the Book and Motion picture are substantially similar; (2) that any alleged common protectable elements are not matters of historical fact, are novel and are not found in prior published works; and (3) to the extent necessary, on the accurate translation of documents and testimony from Croatian to English. Plaintiff reserves the right to

designate experts on additional subjects, including any additional subjects for which Defendants offer expert opinion. Depositions of expert witnesses will proceed after the depositions of fact witnesses has been completed.

        **b.**    *Defendants' Statement*

Defendants intend to designate expert witnesses to the extent needed to offer opinion testimony on any subjects covered by experts designated by Plaintiff. In addition, if necessary, Defendants presently contemplate that they will designate experts on the following subjects: (1) that the Book and the Motion Picture are not substantially similar; (2) that any purported common protectable elements either are matters of historical fact or are not novel and are found in prior published works; (3) to provide accurate translations of documents and testimony from Croatian to English; and (4) to offer opinions on the topic of the defense of independent creation. Defendants reserve their right to designate experts on additional subjects. Expert depositions will be set after the depositions of the fact witnesses, if necessary.

**6.**    **Discovery Cut-off [F.R.C.P. 26(f)(3)(B) and Dkt. 80(1)]**

All fact discovery in this case shall be initiated so that it will be completed on or before July 19, 2013. All expert discovery shall be completed on or before September 30, 2013.

**7.**    **Phasing of/Changes to Limitations on Discovery [F.R.C.P. 26(f)(3)(B) and 26(f)(3)(E)]**

        **a.**    *Plaintiff's Statement*

Plaintiff anticipates a need to vary the number of interrogatories allowed under Federal Rule of Civil Procedure 33 to allow for thirty-five (35) written interrogatories, including all discrete subparts. As stated above, Plaintiff objects to the three part phasing of discovery proposed by the Defendants. Plaintiff does not anticipate any need to vary any of the other limits placed on discovery by the Federal and Local Rules of Civil Procedure at this time.

### b. *Defendants' Statement*

With the exception of taking discovery in three phases pursuant to Exhibit 2, attached, Defendants do not anticipate any need to vary any of the other limits placed on discovery by the Federal and Local Rules of Civil Procedure at this time. Defendants agree with the dates set forth in Exhibit 1, which have been proposed by Plaintiff, but do not agree with Plaintiff that discovery should proceed in the absence of a plan that limits discovery during the initial stages of the case. If the Court is not inclined to issue such a scheduling order, Defendants respectfully request the opportunity to be heard at the scheduling conference, currently set for November 9, 2012.

### 8. Disclosure/Discovery of Electronically Stored Information [F.R.C.P. 26(f)(3)(C)]

Unless requested in native format by the requesting party, in which case materials shall be produced in native format, all documents and electronically stored information ("ESI") shall be produced electronically (e.g., on compact discs) in an imaged and searchable format (e.g., PDFs), with load files that identity the Bates number ranges for each document. Except when requested in native format, the Parties will format electronically produced materials as single page, text-searchable PDFs. Notwithstanding the above, if a document exists only in paper form, then a party may produce that document in paper form and/or in electronic form (in compliance with the requirements for electronically produced materials set forth in this paragraph). The Parties will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

The Parties are attempting to negotiate a stipulated definition of "reasonably accessible" ESI for use in this case.

**9.   Claims of Privilege/Protection re Trial Preparation Material [F.R.C.P. 26(f)(3)(D)]**

   **a.   *Plaintiff's Statement***

Plaintiff anticipates that Defendants will seek discovery of highly sensitive business, financial and personal information in this case. The parties have agreed to work on the terms of a Stipulated Protective Order. If the parties cannot reach an agreement, Plaintiff reserves the right to seek appropriate relief from the Court.

   **b.   *Defendants' Statement***

Defendants expect Plaintiff to seek discovery of highly sensitive business, financial and personal information in this case. With regard to GK Films and FilmDistrict, it is believed Plaintiff will seek discovery of proprietary, highly confidential, non-public business and financial information concerning the Motion Picture (and potentially other properties), including the compensation paid to third parties who performed services on the Motion Picture. With regard to Ms. Jolie, it is believed Plaintiff will seek discovery of highly confidential, non-public, private facts and personal information. Defendants' concerns are further heightened in this case because Plaintiff -- who resides in Croatia and thus, as a practical matter, is beyond the contempt powers of this Court -- already has made disparaging and threatening comments about Defendants on his website and elsewhere on the Internet. Accordingly, to assure that the Defendants' (and third parties') rights of privacy and confidentiality are fairly protected, it is imperative that the Court enter a strict Confidentiality and Protective Order in this case that permits information to be designated as "attorneys' eyes only" and to be filed under seal.

Counsel has agreed to work in good faith on the terms of a stipulated confidentiality and protective order. If counsel cannot reach an agreement, Defendants reserve the right to seek appropriate relief from the Court.

**10.    Orders Under Rule 26(c) or Rule 16(b) and (c) [F.R.C.P. 26(f)(3)(F)]**

With the exception of the matters addressed in section 9, above, the Parties do not anticipate seeking any additional orders.

**D.     FINAL PRE-TRIAL CONFERENCE [Dkt. 80(4)]**

The Parties propose that the pre-trial conference take place on January 15, 2014.

**F.     SETTLEMENT [F.R.C.P. 26(f)(2) and Dkt. 80(3)]**

   **a.    *Plaintiff's Statement***

The prospects of settlement are not known at this point.

   **b.    *Defendants' Statement***

The Parties have not yet engaged in formal settlement discussions. Defendants believe that such discussions would be premature at this time.

In the event that Defendants do not prevail on a dispositive motion, the Parties propose using Local Rule 16-15.4 Settlement Procedure No. 1 and agree that a settlement conference should take place no later than October 15, 2013.

**H.     SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF [Dkt. 80(8)]**

Plaintiff does not believe there is a basis for bifurcating the proof of liability discovery into two phases because the claim of access, specifically, will necessarily include the discovery of third parties in Eastern Europe, both written and deposition. Plaintiff may agree to bifurcate proof of liability from proof of damages, but does not agree with the Phased Discovery Plan attached as Exhibit 2 for the reasons outlined above.

Defendants believe there is a need to bifurcate proof of liability from proof of damages and to limit discovery as described in the Phased Discovery Plan attached hereto as Exhibit 2.

**I.     AMENDMENT OF PLEADINGS [Dkt. 80]**

**1.    *Plaintiff's Statement***

Plaintiff anticipates the need to add claims under federal and state unfair competition and false advertising laws, as well as state law copyright claims based on the copyright in the English language book. All motions to amend or supplement the pleadings, shall be filed on or before February 15, 2013.

**2.    *Defendants' Statement***

Defendants do not believe grounds exist to permit Plaintiff to amend his Complaint to add new facts, new claims or new parties. Defendants do not anticipate amending their Answer at this point in time, but reserve the right to do so.

**J.     OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF THE CASE [Dkt. 80(7)]**

As some parties and potential witnesses are located outside of the jurisdiction of the Court and the United States, non-standard procedures may be necessary to obtain subpoenas. The parties may also have to seek the Court's assistance with obtaining letters rogatory for discovery in foreign nations under the Hague Convention. In addition, Defendants suspect that it may be difficult to obtain a copy of the Book as it is a foreign publication and the Croatian novel is not registered with the United States Copyright Office.

**K.     COMPLEX CASE [C.D. Cal. L.R. 26-1(a)]**

This is not a complex case and does not require a reference to the procedures set forth in the Manual on Complex Litigation.

**L.     LAW AND MOTION SCHEDULE AND ISSUES TO BE DETERMINED BY MOTION [Dkt. 80(2) and C.D. Cal. L.R. 26-1(b)]**

**Dispositive Motion Cut-off:** The Parties agree that all dispositive motions shall be filed by November 1, 2013.

a. *Plaintiff's Statement*

Other than its Motion to Amend the Complaint, Plaintiff anticipates that after fact and expert discovery, the issue of substantial similarity of the works, will be amenable to resolution by dispositive motion. Plaintiff believes that full discovery will be required to resolve the issues of substantial similarity and access and will oppose any dispositive motion filed during the discovery process on that basis, as well as all other applicable bases.

b. *Defendants' Statement*

Defendants believe the key issues in this case – substantial similarity of the works and access to the Book – can be resolved by dispositive motion. Defendants contemplate filing one or more dispositive motions and reserve the right to do so while discovery is in process. Defendants believe only minimal discovery, if any, is required to adjudicate the issues of substantial similarity and access.

Defendants contemplate filing one or more dispositive motions during Phases 1 and 2 of the Phased Discovery Plan attached hereto as Exhibit 2. A Motion for Summary Judgment, if any, shall be filed no later than thirty (30) days after the close of all discovery pursuant to Federal Rules of Civil Procedure Rule 56(b).

M. ADR [Dkt. 80(3) and C.D. Cal. L.R. 16-15.4 and 26-1(c)]

The Parties propose using Local Rule 16-15.4 Settlement Procedure No. 1 and agree that a settlement conference should take place no later than October 15, 2013.

N. TRIAL [C.D. Cal. L.R. 26-1(d) and Dkt. 80(4) and (6)]

Plaintiff demanded a jury trial in his Notice of Demand for Jury Trial filed on September 17, 2012. The Parties estimate trial will take 15 days.

The Parties propose the following dates pertaining to trial:

**Final Pre-trial Conference:** January 15, 2014

**Trial:** January 29, 2014

Plaintiffs have proposed a January 29, 2014 trial date. Defendants are amenable to accommodate their proposed Phased Discovery Plan attached hereto as

Exhibit 2. Plaintiffs, and possibly Defendants, intend to take party and non-party discovery outside of the United States and anticipate needing adequate time to serve witnesses and/or custodians under the requirements of the Hague Convention

**O.     ADDITIONAL PARTIES [C.D. Cal. L.R. 26-1(e) and Dkt. 80(5)]**

   a.     *Plaintiff's Statement*

To the extent any named parties are dismissed without prejudice from the case for lack of service, Plaintiff reserves the right to correct the deficiency and re-join each such party.  All motions to join other parties shall be filed on or before February 15, 2013.

   b.     *Defendants' Statement*

Defendants do not believe grounds exist to permit Plaintiff to add new parties. Defendants do not contemplate bringing additional parties into the litigation at this time, but reserve the right to do so.

**P.     EXPERT WITNESS DISCLOSURES [C.D. Cal. L.R. 26-1(f)]**

The Parties will disclose expert witnesses no later than August 9, 2013, and

rebuttal expert witnesses by September 9, 2013.  Expert discovery shall be completed no later than September 30, 2013.

    Respectfully submitted,

DATED:  October 26, 2012        ADLI LAW GROUP PC

By   /s/ Rasheed McWilliams
Rasheed McWilliams
Attorneys for Plaintiff
James J. Braddock

DATED:  October 26, 2012        REED SMITH LLP

By   /s/ Harrison J. Dossick
Harrison J. Dossick
Christine M. Neuharth
Attorneys for Defendants
Angelina Jolie, GK Films, LLC, and
FilmDistrict Distribution, LLC

# Exhibit 1

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No.  2:12-cv-05883-DMG-VBK     Case Name:  Braddock v. Jolie, et al.

| MATTER | JOINT REQUESTED DATE or PLTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   [ ] Court   [X] Jury<br><br>Duration Estimate:  15 court days | January 29, 2014 | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | January 15, 2014 | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | February 15, 2013 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | July 19, 2013 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | November 1, 2013 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | August 9, 2013 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | September 9, 2013 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | September 30, 2013 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | October 15, 2013 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | December 13, 2013 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | December 20, 2013 |
| Other Dates:  (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | |

# Exhibit 2

## DEFENDANTS' PROPOSED NON-EXPERT DISCOVERY PLAN

### Phase One – Written Discovery Limited to Access and Substantial Similarity

| Scope | Timing |
|---|---|
| Written discovery only (i.e., Interrogatories, RFAs, Document Requests, third party subpoenas) reasonably calculated to lead to discovery of facts related to access and/or substantial similarity. No party or third party depositions. | All requests to be served by December 21, 2012 (approximately 30 days after initial disclosures) |

### Phase Two – Unlimited Discovery, Excluding Damages

| Scope | Timing |
|---|---|
| Discovery of parties and non-parties, including depositions, on remaining relevant issues other than damages. | Commencing March 4, 2013 |

**Phase Three -- Damages**

| Scope | Timing |
|---|---|
| Written discovery, depositions reasonably calculated to lead to discovery of facts related to damages recoverable pursuant to Copyright Act. | Commencing June 3, 2013 |

Notes:

1. The foregoing is not intended to modify Initial Disclosure obligations pursuant to FRCP 26(a)(1);

2. The Parties agree to preserve all potentially relevant, reasonably accessible, discoverable information throughout all phases of discovery;

3. The foregoing is subject to modification upon showing of good cause (e.g., if witness becomes seriously ill or may otherwise become unavailable; if the facts demonstrate risk that information may be lost or destroyed; or if delaying discovery would be advisable pending the Court's ruling on a motion under submission); and

4. The foregoing does not preclude any party from making necessary arrangements at any time to compel depositions or production of information from non-US residents (including parties) during Phase Two.